RIVERA, PLAINTIFF AND APPELLEE, *v.* FERNÁNDEZ ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the Second District Court of San Juan in an Action for Execution of a Deed.

No. 3203.—Decided July 26, 1924.

COMMON PROPERTY—DIVISION—CONSENT OF CO-OWNERS.—The judgment sustaining a complaint praying for the conversion into a public document of the division of a property made by a surveyor in a plan in which is shown the allotments made to the co-owners who signed the plan was reversed because the evidence showed that the division was not made by all who on its date were co-owners.

ID.—ID.—COUNTER-COMPLAINT—PARTIES.—A counter-complaint against the plaintiffs and other persons can not prosper, because there can not be brought into the case as counter-defendants persons who were not plaintiffs.

The facts are stated in the opinion.

*Messrs. H. Torres Solá, R. Ramírez* and *J. B. Soto* for the appellants.

*Messrs. R. Rivera Zayas* and *E. Díaz Viera* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This was an action to compel the execution of a public

deed showing the division of a property made by a surveyor describing the allotments made to the joint owners who signed the plan in approval. The appeal is from a judgment sustaining the complaint.

By a deed of March 11, 1914, Carmen Vélez de Alemán, individually and in the name of her incapacitated daughter Carlina, and Ramón Alemán, as the heirs of Domingo Alemán, compromised a suit with the heirs of José Rodríguez and conveyed to Carmen Rodríguez García, Nicolasa Rodríguez García, Evaristo Quiñones, Pedro Quiñones and Antonio Matos Ocasio the ownership of a property of 1.25 acres of land situated in the ward of Hato Rey, Río Piedras, bounded on the north by Santo Domingo Street; on the south by properties of Arturo Acevedo and Trinidad Vázquez; on the east by the road from San Juan to Río Piedras, and on the west by the electric railroad.

On March 30, 1914, a surveyor made a plan of the said property in which three small parcels were segregated. One of them was allotted to Enrique González Darder and another to Timoteo González, but the plan does not show to whom the other one was allotted. The rest of the property was divided into five parts, one of which was allotted to each of the five persons who had acquired the property by the deed of March 11, 1914. It does not appear whether the said deed was recorded in the registry of property.

By another public deed of December 28, 1915, Carmen Vélez de Alemán, individually and as the heir of her daughter Carlina, sold to the same five persons for a sum which she acknowledged having received, three-fourths of the same property, although with slightly different boundaries, which she claimed to own as community property and by inheritance from her daughter. Ramón Alemán was not a party to this deed and it was recorded in the registry with regard to the interest of Evaristo Quiñones Rodríguez.

The said five persons conveyed by public deeds their undivided interests of one-fifth of three-fourths each in the

said property, of which one now belongs to plaintiff Domingo Rivera Almodóvar, three to José Martínez Llonín and one to the other defendant, Bernardo Fernández Porrero, who also acquired the interest of one-fourth formerly belonging to Ramón Alemán.

In the complaint it is alleged that the said five persons, together with Enrique González Darder and Timoteo González, were, according to the deed of December 28, 1915, the owners of three-fourths of the property, the other fourth belonging to Ramón Alemán. There is no proof in the record of the title of Enrique González Darder or of that of Timoteo González and we do not know why, after the said five persons had by compromise obtained title to the whole property, they executed another document by which they purchased three-fourths of the property, for the explanation given that the purpose of this document was to correct the boundaries does not satisfy us, inasmuch as they are substantially the same in both documents and there is a great difference between them, for by the first they acquired the whole property and by the second only three-fourths of it and for a different consideration. But whatever may have been the reason for what was done, we must take as a basis the allegation of the complaint that these five persons were the owners of three-fourths of the property according to the deed of December 28, 1915, and that the other fourth belonged to Ramón Alemán by inheritance; therefore, the property having been divided in the plan among the said five persons without the participation of Ramón Alemán, who, consequently, received nothing for his one-fourth interest, the division and allotments made in the plan of March 30, 1914, can not be raised to a public document as the actual division of the property, because it was not made by all of the then joint owners. The plaintiff himself, in answering a counter-complaint in this case, averred that the division made was only of three-fourths of the property, which is not shown by the plan or by the evidence,

and at all events the participants in the division were not justified, without the consent of Ramón Alemán, in determining the three-fourths which they were going to divide among themselves.

The defendants counter-claimed for a division of the community and directed the counter-complaint against the plaintiff and against two other persons who are not parties to this action, for which last reason it can not be sustained, inasmuch as the defendants can not by a counter-complaint bring into the action other persons who were not parties plaintiff. 34 Cyc., pp. 712 and 715.

In view of the foregoing we arrive at the conclusion that we must reverse the judgment appealed from and substitute it by another dismissing the complaint and the counter-complaint, without costs.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.